### Peter M. Ryerson *v.* James Boorman and others.

In April 1845, a decree *pro con.* was obtained by B. against R., in a suit for the fore-closure of a mortgage for $27,727 24.    In September following, the mortgaged premises being then advertised to be sold under the decree on the 6th of October, 1845, R. made a proposition for the payment of the mortgage debt, to which B. ac-ceded.    B. wrote to his solicitor, authorizing him on certain conditions to enter into a stipulation with R. on the terms proposed, one of which was that $1100 should be paid by R. and the arrangement completed on or before the 1st of October.    No part of the money was paid as proposed.    On the 5th January, 1846, R. paid to B.'s so-licitor $1100.    B.'s solicitor apprised him of what had been done.    B. directed that $500 of the $1100 be applied to the payment of the interest up to the 1st of January, 1846, on $20,000; and authorised his solicitor to enter into a stipulation, on the payment of $19,500, with interest semi-annually, in certain specified instalments, to discharge the debt and release the property mortgaged, the stipulation to contain a reservation of all due rights under the mortgage and decree of sale, provided the stipulated payments of interest and on account of principal are not regularly made. R. never made any other payment.

*Held,* that the debt was not reduced to $20,000.

The facts in this case are stated *ante,* vol. 3, page 167.    No testimony was taken.

*A. S. Pennington* and *B. Williamson* for the complainant.

*F. T. Frelinghuysen* for the defendants.

The Chancellor.   The decree must be taken to be valid, and the mortgage on which it was obtained to be valid.    It fol-lows that the complainants in the foreclosure suit could refuse to make any reduction of the amount of the decree ; and any mere-ly voluntary agreement to make a reduction would not bind them. If they agreed to make a reduction, they could impose their own terms ; and if any of the terms were not complied with, they could insist on the whole amount of the decree.

Ryerson was to have paid $1100 on the 1st of August, 1845. He did not do so.    But about the 1st of January, 1846, he paid to the solicitor of the complainants in the foreclosure suit, at

Paterson, $1100.    This $1100 was then due for interest.    The complainants might refuse to receive any part of it on account of principal.    They wrote back to Mr. Ogden, their solicitor, that they had applied the $1100 to the payment of the interest due Jan. 1, 1846, and authorised him to enter into a stipulation conforming to the spirit of the previous arrangements, and meeting Mr. Ryerson's request for an extension of the proposed payments, making the arrangement stand thus :—$20,000 principal, as follows : $1,000, July 1, 1846 ; $1,000, January 1, 1847 ; $1,000, July 1, 1847 ; $500, January 1, 1848 ; $500 July 1, 1848 ; $500, January 1, 1849 ; $500, July 1, 1849, and the balance on the 1st July, 1850 ; interest on the unpaid principal to be paid semi-annually on the 1st July and 1st January in each year.

It does not appear that Ryerson made any objection to this new arrangement ; and from the course things took he must be presumed to have consented to it.

He failed to make any of the subsequent payments.

Under these circumstances I do not see that the Court can declare that the amount of the decree is reduced to $20,000.

Decree for defendants.

NOTE.—See 1 *Story's Eq.*, sec. 433, note 3 ; 2 *Ib.*, sec. 706, 706 *a*, 789, 793 *a*, sec. 973, 987.